WILLIAM ROBINSON, BY NEXT FRIEND, *v.* WINSTON JONES.

1. ESTOPPEL.   *Decree in another state.   Mistake.   Jurisdiction.*
   Where tenants in common of land situated in Alabama and Mississippi
   have made partition of the same, a purchaser from one of them, who,
   under a decree in Alabama, takes certain land in severalty because of
   the partition, cannot set up that the decree of the Alabama court attempt-
   ing to correct a mistake in the partition of that part of the land situated
   in this state was void for want of jurisdiction.

2. SAME.   *Suit to correct mistake.   Bona fide purchaser.*
   In such case where the purchaser, being a party to the suit in Alabama,
   and, with full knowledge of the mistake, takes certain land in severalty
   under the decree there, he cannot, in defense of a suit afterwards brought
   here to correct the error in the partition, claim to be a *bona fide* purchaser
   of the land which is the subject of the mistake.

3. RENTS.   *Amount received by defendant.   Accounting.   Recovery.*
   It is only where the owner of land wrongfully deprived of possession is
   seeking to recover the reasonable *rental value*, that the rule announced in
   *Staton* v. *Bryant*, 55 Miss. 261, applies.   Where the owner assumes the
   burden of showing the sums *actually received* by the defendant, he is
   entitled to recover that.

FROM the chancery court of Noxubee county.

HON. T. B. GRAHAM, Chancellor.

In 1869 the heirs-at-law of William Robinson, Sr., one of whom
was *non compos mentis,* and represented by his guardian, James P.
Robinson, made an agreement for the partition of the real estate
of their ancestor, which consisted of lands in the states of Alabama
and Mississippi.   A preliminary written agreement, subscribed by
the parties, was entered into and furnished to the scrivener to draw
the proper instrument.   By mistake, a portion of the land, 40 acres,
intended to be allotted to the *non compos mentis* was omitted in the
preliminary contract, and another portion, 40 acres, was, by mistake
of the scrivener, omitted from the articles of agreement.   This in-
strument was not recorded.   James P. Robinson got none of the
Mississippi lands, he getting his lands altogether in the state of
Alabama, while the lands allotted to, and those intended to be
allotted to the *non compos mentis* were wholly in the state of
Mississippi.   James P. Robinson, as guardian, entered into pos-
session of the lands of the *non compos mentis.*

He afterwards bought from another of the heirs, Charles T. Robinson, the lands allotted to him in Mississippi. Before receiving a conveyance he agreed with Joel W. Jones & Co., of Mobile, Ala., to incumber the lands in Mississippi, those bought from his brother and also his lands in Alabama, to secure a debt contracted or about to be contracted by him with them. In the conveyance from his brother, the 80 acres of land intended to be allotted to the *non compos mentis* were included, though they had not in fact been allotted to his grantor. In executing the mortgage to Joel W. Jones & Co. these lands were also included. At the time of taking the mortgage Jones & Co. were not aware of the fact that the partition had been made, and knew nothing of the mistake, but believed that J. P. Robinson owned the land. This was in 1875. In June, 1877, said J. P. Robinson, in satisfaction of the mortgage, executed a deed to Jones & Co. for the Mississippi lands, including the 80 acres in controversy, who then took possession of the same and have held it ever since, receiving the rents.

The debt of J. P. Robinson secured by the mortgage on the Alabama lands being unpaid, in 1879 Jones & Co. began foreclosure proceedings against the lands in that state, and were met by a bill in chancery exhibited by the widow and all the heirs-at-law of William Robinson, the ancestor, in which it was claimed that in the partition proceedings James P. Robinson was indebted to the complainants because of the excess of the value of the lands allotted to him over theirs, for which sum they insisted they had a prior lien upon the lands over the mortgage of Joel W. Jones & Co. Jones & Co. set up in defense that they were purchasers for value without notice. On final hearing it was decreed that complainants were entitled to priority for the payment of their debt, and upon appeal to the supreme court of Alabama, it was held that Joel W. Jones & Co. were purchasers for value without notice of the undivided one-fifth interest, which descended to James P. Robinson, their debtor, from his father, and that as to the other four-fifths interest in the lands the complainants had priority of lien. The final decree rendered by the supreme court was that the lands should be sold, and one-fifth of the proceeds paid to Joel W.

Jones & Co., and out of the remaining four-fifths the debts claimed by complainants in that proceeding should be first paid, and the balance should then be paid to Joel W. Jones & Co.

By a supplemental decree in the chancery court, made upon corrected pleadings, the Alabama court attempted to correct the mistake existing in the partition proceedings as to the Mississippi lands.

The present bill was filed for the *non compos mentis* by his guardian against Winston Jones, who claims through Joel W. Jones & Co., to whom the Mississippi lands mortgaged by him were conveyed by James P. Robinson. Other parties were joined as defendants, but they set up no claim to the land, and a decree *pro confesso* was taken as to them.

The prayer of the bill was to correct the mistake and reform the written agreement of partition ; to remove clouds from the title of complainant to the 80 acres of land in controversy ; to obtain possession, and for an account of the money received by Jones & Co. for rents, they having gone into possession under their purchase. A demurrer was sustained to so much of the bill as sought possession of the land and an account for rents, but on appeal this court reversed that decree and overruled the demurrer. See *Robinson* v. *Jones*, 65 Miss. 520.

The cause being remanded, the testimony was taken at great length, and on final hearing the court rendered a decree correcting the mistake and establishing the title of complainant to the land, and for an account to be taken, not of the money actually *received* by Jones & Co. on account of rents, but of the value of the rents and profits, requiring the account to be taken on the principles stated in *Staton* v. *Bryant*, 55 Miss. 261.

From so much of the decree as related to the manner in which the account for rents and profits should be stated, the complainant appealed. Thereupon the defendant Jones prosecuted a cross-appeal.

In view of the decision of this court, it is deemed unnecessary to make any statement of the facts in relation to the mistake in the partition agreement, or as to the matter of actual notice of such mistake to Jones or Jones & Co. Nor is it necessary to give the

extended argument of counsel as to these matters.  The opinion contains a further statement of the case.

Rives & Rives, for appellant, William Robinson.

1. The rule announced in Staton v. Bryant, 55 Miss. 261, has no application here.  That rule was not intended to apply to all cases of taking an account of the value of the rents, but only in cases where the conduct of the parties had been such as to make it appear that the purpose of the accounting should be as nearly as practicable to prevent one party from losing and the other gaining.

In this case the complainant seeks to recover the money actually received for the rent of his land.  The defendant stands in the position of a bailiff or a trustee, and must account for what he has received.   1 Story's Eq. Jur. § 511 ;  Robinson v. Burritt, 66 Miss. 356.

2. The fact that there was a mistake in the articles of agreement under which the lands of William Robinson, Sr., in this state, were divided, is overwhelmingly established by the testimony.   Whether Jones had notice of this before receiving the trust-deed and afterwards the absolute deed from J. P. Robinson, is immaterial.   The fact that the mistake had occurred, and that the 80 acres of land in controversy really belonged to William Robinson, Jr., was shown by the record in the Alabama case before a final decree was rendered.   Jones was a party to that suit, and so was the non compos and all the other heirs of William Robinson, Sr.   Before the court could treat any part of the land as belonging in severalty to Jones through conveyance from J. P. Robinson, it was necessary to ascertain what each tenant had received by the partition.  If there had been no partition, then Jones was entitled only to an undivided one-fifth interest in this land ; but he claimed, the entire interest, and that was in virtue of the agreement for partition.   That agreement, if confirmed at all, was necessarily confirmed as a whole.   It could not be confirmed as to the land set apart to J. P. Robinson, so as to allow Jones to receive that in severalty, and not be confirmed as to the land set apart to the non compos.   Before granting the prayer of the original bill, or of the cross-bill of Jones, it was necessary to determine that J. P. Robinson owned such lands in

severalty.    That adjudication estops Jones, and dispenses with the cross-appeal in this case.

The conveyance from J. P. Robinson to Jones could not include land that really belonged to the *non compos mentis.*    Jones cannot claim as a *bona fide* purchaser, and there is nothing to prevent the *non compos* from recovering his land.

*George G. Dillard,* on the same side.

There can be no doubt about the mistake in the original agreement for partition, and that the land in controversy belongs to appellant, unless he has done something, or left something undone, which estops him to claim the same as against Jones.    Being *non compos mentis* it is curious to speculate as to what he could do or leave undone to have this effect.    Even if he had been of sound mind, he might have allowed his brother J. P. Robinson and Jones to trade to their heart's content without fear of losing his own land, so long as he did nothing to mislead Jones.    If Jones had included in his trust-deed and quit-claim 80 acres of my land, it would hardly be contended that I should lose it.    If we will only forget that the *non compos* belonged to the Robinson family, the case will be relieved of all difficulty.

*A. C. Bogle* and *W. H. Bogle,* for appellee and cross-appellant, Jones, each filed a lengthy brief discussing the evidence, and, as to the questions of law decided by the court, making the following points :—

We submit, in the first place, that the Alabama court had no jurisdiction to vest title to lands in Mississippi.    In the next place, the proceedings there operated to bar the claim of appellee, if they had any effect at all.    The claim of appellee to have the articles of partition corrected and reformed so as to give him this land was not mentioned in the decree of September 30, 1884, which was the final decree in the cause.    On this point see *Cromwell* v. *Craft,* 47 Miss. 44.

The court could not at a subsequent term, without notice, render an additional decree touching matters not properly pertaining to the execution of its final decree.    *Bank* v. *Lewis,* 13 S. & M. 226 ; *Cole* v. *Miller,* 32 Miss. 89.

The claim of the *non compos mentis* to the land in controversy having been set up in the suit and not adjudicated favorably to him in the first decree, the decision is adverse to his present claim, if the decree has any effect at all in this state.

The supreme court of Alabama, with all the parties before it, decided that Jones was a purchaser for value without notice of the partition agreement. See *Jones* v. *Robinson*, 77 Ala. 499. He is entitled to the interest of J. P. Robinson and C. T. Robinson, because he has conveyances from them, and he has the interest of the other heirs, excepting the *non compos*, by virtue of more than ten years' adverse possession, so far as the forty-acre tract is concerned, that was not included in the partition agreement. As to the other forty-acre tract, we presume the statute of limitations would not apply, because of the appellee's disability, and as to that, the interest of Jones would be limited to the two-fifths interest conveyed to him by J. P. and C. T. Robinson.

Assuming it to be true that the forty-acre tract was omitted from the agreement of partition by mistake, and therefore that appellee is entitled to it, this does not make him the owner of the land, but his interest as to four-fifths is a mere equity.    Pom. Eq. Jur. § 775.

Then, while the legal title to this 40 acres was in the five heirs and the appellee holding the legal title to one-fifth interest and this equity as to the other four-fifths, Jones, without notice of the equity, purchased from J. P. Robinson in good faith, and afterwards obtained a conveyance from C. T. Robinson. This gave him a legal title to two-fifths of said land, and he went into possession, claiming the entire tract. His adverse possession for more than ten years then operated to clothe him with the legal title to the two-fifths interest of the other heirs who were under no disability. The holder of an equitable estate may procure a conveyance of the legal title, with the effect of defeating a prior equity of which he was ignorant at the time of buying. Adams' Eq. 159, 160; 7 Cranch, 1; 21 Gratt. 313; 8 Blackf. 471; 14 Ohio, 423; 12 Conn. 195; *Carroll* v. *Johnson*, 2 Jones' Eq. 129; 2 Lead. Cas. in Eq. 47 *et seq.*; Pom. Eq. Jur. § 740. According to the familiar doc-

trine of *tabula in naufragio,* a purchaser for value, without notice of a prior equity, may protect himself after notice by getting in the legal title. If, as held by the supreme court of Alabama, Jones be a *bona fide* purchaser, then appellant takes nothing by virtue of the unrecorded partition agreement made between members of his family in 1869. If he cannot recover by virtue of title under that agreement, he cannot recover at all in this case. That is the only title he sets up. Story's Eq. Pl. §§ 263, 264; 45 Ill. 493; 58 Ib. 52; 33 Mich. 121.

The adverse possession for more than ten years operated to transfer the title to the other heirs who were not under disability. Buswell on Lim. § 3; *Jones* v. *Brandon,* 59 Miss. 585; Code 1880, § 2668.

If we are mistaken in all the foregoing propositions, then, in any event, we submit that the decree is erroneous in not allowing Jones to hold at least the one-fifth interest of J. P. Robinson. If he was a *bona fide* purchaser, he was unquestionably entitled to this.

If the court should hold that complainant is entitled to relief, then we submit that the decree as to rents and profits is correct. *Staton* v. *Bryant,* 55 Miss. 261. The decree in this case was taken almost literally from the decree in that. That case established a just and equitable rule, and has been sanctioned by subsequent decisions of this court.

Argued orally by *R. G. Rives,* for appellant.

COOPER, J., delivered the opinion of the court.

We concur with the chancellor in his finding that the facts in evidence establish the mistake arising in the agreement for partition of the lands of William Robinson, deceased, and that the lands in controversy were, and were intended to be, allotted to the appellant, but that a mistake was made in preparing the written agreement, by reason of which these lands were not described among those allotted to him. This being true, it follows that the writing should be corrected so that it may express the true agreement, unless the present holder is a *bona fide* purchaser of the land.

Without reference to that portion of the testimony which con-

sists of evidence of notice *in pais* to Jones, we are of opinion that he cannot sustain the position of a *bona fide* purchaser for this reason : He accepted from James P. Robinson, who was his debtor, and who was one of the heirs-at-law of William Robinson, deceased, a conveyance in severalty in fee of certain lands in this state (including the lands now in controversy), and of others in the state of Alabama, in trust to secure certain debts then due him by the said James P. Robinson. The Mississippi lands were afterwards conveyed by said Robinson to Jones in payment of the debt they secured, and a litigation arose over the lands in Alabama. In that suit all the heirs-at-law of William Robinson, deceased, were parties, and it was there made to appear that the whole estate had been divided, and that only by virtue of the partition could Jones claim the entire interest in the lands mortgaged to him by J. P. Robinson. Aside from the partition, James P. Robinson was only a tenant in common with the other heirs, in consequence of which Jones found himself in such position that he must either claim the whole interest in the lands under the partition, or only the undivided one-fifth interest which descended to his debtor as heir-at-law. Before final decree, he was informed by the pleadings and proof that the mistake, to correct which the present bill is exhibited, had been made in the act of partition. In truth the court in Alabama by its decree subjecting the whole interest in the lands mortgaged to the payment of Jones' debt, also decreed that the lands now claimed by the *non compos mentis* in this state should be assured to him. It is insisted for Jones that the court in Alabama had no power to make any decree in reference to lands in Mississippi, and also that it was not sought by that proceeding to correct any error in the act of partition. However this may be, it yet remains true that Jones has secured in Alabama a decree against the whole interest in the lands in that state mortgaged to him by J. P. Robinson, with full knowledge of the fact that the one-fifth interest therein belonged to the present complainant, unless it passed to James P. Robinson by the act of partition, and he also knew that in the partition a mistake had occurred as to the Mississippi lands, the result of which would be, if uncorrected, that the *non*

68 Miss.—51

*compos mentis* would fail to get a part of the lands for which he had yielded his interest in those in Alabama. It would be contrary to the plainest principles of justice to permit Jones, with full knowledge of the facts, to take, because of the partition, the interest in the Alabama lands which had descended to the present complainant, and then hold the lands in this state against the partition. Having acted in reference to a part of the subject of the partition and derived advantage from it to the detriment of the *non compos,* he must be held as ratifying the whole act and can occupy no better relation to the land here than could James P. Robinson if the title yet remained in him.

The court erred in applying the rule announced in *Staton* v. *Bryant,* 55 Miss. 261, for the measurement of rents to be decreed against the defendant in possession. The rule there announced was for the protection of one who, without title, occupied in good faith the lands of another, believing himself to be the owner, and against whom the plaintiff seeks to recover the reasonable rental value of the property. The manifest hardship of compelling a defendant in such attitude to respond for what the lands might have rented for, in the absence of evidence as to what they were actually rented for, led the court to announce the rule there formulated, the justice of which commends it for application in all similar cases. But the rule is applicable only where the demand for rents is in the nature of a *quantum meruit.* It has no place where, as here, the complainant takes upon himself the burden of showing exactly what sums have been received by the defendant and is content to receive them in discharge of his claim. It cannot be unjust to compel restoration of what has been actually received, for the defendant is but restoring to the complainant his own, and this is the end and purpose of remedial justice.

*Decree affirmed, except as to rents, on which it is reversed and remanded, to be further proceeded with in the court below.*